466 So.2d 884 (1985)
In re INQUIRY CONCERNING Judge Edna GARNER.
No. 55961.
Supreme Court of Mississippi.
March 6, 1985.
*885 Luther T. Brantley, III, Jackson, for Miss. Com'n on Judicial Performance.
Eugene A. Perrier, Vance & Perrier, Vicksburg, for Edna Garner.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
This matter is before the Court on the recommendation of the Mississippi Commission on Judicial Performance that Judge Edna Garner, Justice Court Judge for the Western District of Claiborne County, Mississippi, be removed from office. In response, Garner substantially concedes the misconduct charged by the Commission but argues that her actions and omissions were the result of neglect rather than public fraud, and hence does not warrant her removal from office.
On April 24, 1984, the Commission filed a formal complaint against Garner. The complaint alleged that during the period from December of 1980 through December of 1983 Garner, in her official capacity as justice court judge of Claiborne County, received and collected criminal fines, penalties, costs and assessments on behalf of Claiborne County and failed to report and pay said sums over to the county as required by law. Garner, in her answer, admitted that she had made some mistakes in her paperwork and that she had made arrangements to pay the balance she may owe.
As indicated, the Commission has made findings of fact and has recommended that Judge Garner be removed from office. Regarding our institutional responsibilities in such matters we recall that in In Re [Lloyd] Anderson, 412 So.2d 743 (Miss. 1982) we adopted the reasoning of the North Carolina Supreme Court in the case of In Re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977) and quoted as follows:

Willful misconduct in office is the improper or wrongful use of the power of his office by a judge acting intentionally, or with gross unconcern for his conduct, and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith....
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute... .
412 So.2d at 745.
In Re [Lloyd] Anderson, further states:
The power to impose sanctions is delegated solely to this Court; it therefore follows we have an obligation to conduct an independent inquiry of the record in order to make our final determination of the appropriate action to be taken in each case. In so doing, we will accord careful consideration to the findings of fact and recommendations of the Commission, or its committee, which has had the opportunity to observe the demeanor of the witnesses.
412 So.2d at 746; see also In Re [William] Anderson, 451 So.2d 232, 234 (Miss. 1984).
Notwithstanding the foregoing, in matter such as this we are, as a matter of law, the triers of fact. We are not bound by those limited scope-of-review rules applicable in appeals generally, rules whereby we are without power to disturb findings of fact if they are supported by substantial evidence.
It may well be, and often is the case that, the Commission obtained valuable insights by its personal observation of the *886 appearance and demeanor of the witnesses. To be sure, in the exercise of our sound discretion we are by no means prohibited from giving to findings of fact made by the Commission such weight as in our judgment they may deserve. This we may do so long as we do not lose sight of the fact that, as a matter of law, it is our non-delegable duty and responsibility to make findings of fact in cases such as this. Cf. Levi v. Mississippi State Bar, 436 So.2d 781, 783 (Miss. 1983).
As with bar disciplinary matters, these proceedings are by their very nature adversary proceedings of a quasi-criminal nature. The Commission shoulders the burden of proving by clear and convincing evidence each evidentiary and ultimate fact necessary to establish the misconduct offense charged. Cf. Levi v. Mississippi State Bar, 436 So.2d 781, 783-784 (Miss. 1983). Having these points well in mind, we turn to the evidence before us.
It was stipulated at the hearing that during the years 1980-1983 Garner received and failed to report at least 59 fines totaling $3,626.00. Other undisputed testimony  even-handedly summarized in the Commission's findings  revealed that Garner's system of accounts, receipts, reporting and checkcashing was highly irregular. At no point in either the hearing or in this appeal does Garner contend that her conduct was not improper. On the contrary, Garner admits impropriety but contends that it was not willful and therefore does not warrant her removal from office. Garner is essentially seeking to take refuge behind a shield of ignorance and incompetence.
Significantly, Garner is in her third term as Justice Court Judge in Claiborne County. She is a high school graduate and has two years of college. During the years in issue, Garner regularly filled out her docket after she made her monthly report and not when the ticket was filed or the fine was paid. She did not keep a file on each case and if a case was not reported, then it was not docketed. She did her turn-in sheet once a month by reference to her receipt book or the checks. She did not issue a receipt when paid by check, but only when paid in cash. She did not file a turn-in report every month. She was not familiar with Miss. Code Ann. § 9-11-19 (Supp. 1981), which requires such a report. She is not familiar with Miss. Code Ann. § 63-9-21 (Supp. 1982) which requires the judge to send the auditor's copy to the state agency within 45 days of judgment. She was not aware that that same statute required her to put the ticket number in the docket.
Much of Garner's troubles appear to stem from her repeated acceptance of checks from law violators which turned out to be uncollectible. It seems that Garner established a "general fund" with unreported money and used that fund to cover the bad checks. Garner testified that she selected specific checks or cash for deposit into this general fund used to cover the bad checks and did not report these amounts to the county. She did not know how much the bad checks totaled but estimated approximately $1,000.00, which, of course, is significantly less than the $3,696.00 admittedly not reported.
There are a series of other irregularities on the part of Garner in the performance of her office which we do not regard it necessary to detail.
Garner also testified as a character witness at a bond reduction hearing for an accused felon in violation of Canon IIB of the Code of Judicial Conduct. She was either altogether unaware of this ethical violation or subordinated this awareness upon the advice of counsel that she would be subpoenaed if she did not voluntarily appear.
There can be no doubt that Garner's conduct, and the amount of funds misdirected thereby, are more than sufficient to warrant her removal. In Re Brown, 458 So.2d 681, 682 (Miss. 1984); In Re [William] Anderson, 451 So.2d 232, 233-34 (Miss. 1984); In Re [Lloyd] Anderson, 412 So.2d 743, 747-48 (Miss. 1982). These cases firmly establish the proposition *887 that, if a justice court judge skims traffic ticket or other funds, he or she is to be removed from office.
Garner's defense  that she is ignorant and incompetent  is somewhat effective to distinguish her situation from that in the [Lloyd] Anderson case which found that Anderson "willfully and fraudulently made false entries", but it is an effective method of self-condemnation under the rationale of the [William] Anderson holding:
... that a judge may also, through negligence or ignorance, not amounting to bad faith behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
451 So.2d at 234.
The record before us establishes by clear, convincing and overwhelming evidence that Garner is guilty of misconduct which has brought the office of Justice Court Judge in the Western District of Claiborne County into disrepute. That office will remain in disrepute as long as Garner occupies it. The only appropriate sanction is removal from office. In Re Brown, 458 So.2d 681, 682 (Miss. 1984).
Official integrity of our Justice Court Judges is vitally important, for it is on that level that many citizens have their only experience with the judiciary. We may not tolerate misconduct or misfeasance on any ground, particularly not on grounds of ignorance or incompetence.
In view of the foregoing, this Court accepts the recommendations of the Mississippi Commission on Judicial Performance, a true and correct copy of which are made an appendix to this opinion and are to be officially reported together with this opinion. Respondent, Edna Garner, is removed from the office of Justice Court Judge, Western District, Claiborne County, Mississippi, effective immediately.
RECOMMENDATIONS OF COMMISSION ON JUDICIAL PERFORMANCE ACCEPTED AND RESPONDENT EDNA GARNER REMOVED FROM OFFICE.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.

BEFORE THE MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE INQUIRY CONCERNING A JUDGE

NO. 84-038

COMMISSION FINDINGS OF FACT AND RECOMMENDATIONS

INITIATION OF PROCEEDINGS
The Formal Complaint against the Respondent, Justice Court Judge Edna Garner, Western District, Claiborne County, Mississippi, was filed with the Commission on April 24, 1984; it was personally served upon the Respondent on April 25, 1984. The Respondent's Answer was filed with the Commission on May 16, 1984.

HEARING
On July 12, 1984, a formal hearing was held in accordance with the Rules of the Mississippi Commission on Judicial Performance in Inquiry Concerning a Judge No. 84-038. The hearing was before a committee of the Commission, as provided by Rule 8C, consisting of Judge Daniel D. Guice, Presiding, Judge James M. Glenn and Dr. Cleopatra Thompson. The Commission was represented by Luther T. Brantley, III of Jackson. The Respondent was represented by Eugene Perrier of Vicksburg.

AMENDMENT TO FORMAL COMPLAINT
On August 15, 1984, the Commission filed an Amended Formal Complaint against the Respondent in this Inquiry. The Respondent's Answer to the Amended Formal Complaint was filed with the Commission on September 7, 1984.
*888 On September 11, 1984, the Formal Hearing was continued before the same committee of the Commission designated to hear this Inquiry. The Commission was represented by Luther T. Brantley, III of Jackson. The Respondent was represented by Eugene Perrier of Vicksburg.

FINDINGS
The evidence adduced at the two formal hearings having been considered, the Commission has found the following by clear and convincing evidence:

1.
The Respondent, from December, 1980 through December, 1983, received and collected criminal fines, penalties, costs and assessments on behalf of Claiborne County and failed to report and pay said sums over to Claiborne County as required by law. The Respondent admitted and the Commission so finds that she received $3,696.00 in her capacity as justice court judge, listed in Commission Exhibit 6 admitted into evidence at the Formal Hearing and admitted from Commission Exhibit 8 of said Formal Hearing, which she failed to report and pay to Claiborne County. The Commission further finds that in all probability Respondent received the majority of the $812.00 remaining in controversy in Exhibit 8 and failed to report and pay same to Claiborne County.

2.
The Respondent violated Mississippi Code Annotated, Section 9-11-19 (1972) by failing to report and pay all fines and penalties collected each month on or before the first Monday of the following month as set forth and alleged in Count One of the Formal Complaint in this Inquiry.

3.
The Respondent failed to turn over or deliver money which came into her hands by virtue of her office as justice court judge when lawfully required to do so, as set forth and alleged in Count Two of the Formal Complaint in this Inquiry.

4.
The Respondent violated Canons 2A, 3A(1), 3A(5) and 3B(1) of the Code of Judicial Conduct of Mississippi Judges, and by so violating said Canons also violated Canon 1 of the Code of Judicial Conduct, as set forth and as alleged in Count Three of the Formal Complaint in this Inquiry.

5.
The moneys received by Respondent but not reported and paid to Claiborne County at issue in this Inquiry have not, as of this date, been reported and paid to Claiborne County.

6.
The Respondent, after commencement of formal proceedings in this Inquiry, received money in her official capacity as justice court judge as payment of criminal fines, penalties, costs or assessments, and failed to report and pay said sums to Claiborne County as required by law, as set forth and alleged in Count Five of the Amendment to the Formal Complaint.

7.
By engaging in the course of conduct described hereinabove as found by clear and convincing evidence, the Respondent's conduct constitutes willful misconduct in office, willful and persistent failure to perform her duties, and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, all in violation of Section 177A of the Mississippi Constitution of 1890, as amended, as set forth and alleged in Count Four of the Formal Complaint and Count Seven of the Amendment to the Formal Complaint in this Inquiry.

RECOMMENDATIONS
The foregoing constitutes the Commission's findings by clear and convincing evidence that the conduct of the Respondent, Justice Court Judge Edna Garner, constitutes willful misconduct in office, willful and persistent failure to perform her duties, and conduct prejudicial to the administration of justice which brings the judicial office into disrepute as set forth in *889 Section 177A of the Mississippi Constitution of 1890, as amended. It is the recommendation of the Commission on Judicial Performance that the Mississippi Supreme Court remove the Respondent, Edna Garner, from office as a justice court judge of Claiborne County in accordance with Section 177A of the Mississippi Constitution.
Respectfully submitted,
/s/ Kenneth B. Robertson Kenneth B. Robertson, Chairman
Dated this the 12th day of October, 1984.