686 So.2d 1075 (1996)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Cardell FLETCHER.
No. 96-CC-00393-SCT.
Supreme Court of Mississippi.
December 19, 1996.
Luther T. Brantley, III, Jackson, for petitioner.
Andrew M.W. Westerfield, Jacks Adams & Westerfield, Cleveland, for respondent.
En Banc.
*1076 MILLS, Justice, for the Court:
This case was presented to the Court en banc via a Joint Motion for Approval of Recommendations filed by the Mississippi Commission on Judicial Performance. Upon review of the joint motion and brief filed in support thereof, this Court concurs with the joint resolution and affirms the findings of fact and the agreed sanctions recommended to this Court, as follows:

I.
On April 22, 1996, the Mississippi Commission on Judicial Performance (the Commission), pursuant to Section 177A of the Mississippi Constitution of 1890, as amended, filed with the Mississippi Supreme Court its findings and recommendations that the Respondent, Cardell Fletcher, Municipal Court Judge, City of Shelby, Mississippi, be publicly reprimanded and assessed the costs of this proceeding.

Statement of the Case
The Commission, on October 20, 1995, filed a Formal Complaint charging the Respondent with judicial misconduct constituting a violation of Section 177A, Mississippi Constitution of 1890, as amended. On November 17, 1995, the Commission filed an Amended Formal Complaint. On December 18, 1995, the Respondent filed an Answer to the Amended Formal Complaint.
An Agreed Statement of Facts and Proposed Recommendation was filed by counsel for the Commission and counsel for the Respondent on March 26, 1996.
The Respondent is the duly-elected Justice Court Judge, Place 3, Bolivar County, Mississippi. In addition, he has served as Municipal Court Judge for the City of Shelby, Mississippi.
The Respondent, in his official capacity as Municipal Court Judge, engaged in judicial misconduct in two separate cases. In the first case, the Respondent found a defendant guilty of several charges arising from a domestic disturbance, fined him, gave him probation and directed the defendant to stay away from his [the defendant's] wife. Thereafter, the Respondent issued a mittimus for the defendant for violation of a court order and had him arrested and sentenced him to jail for three months and twenty-nine days without notice or hearing.
In the second case, the Respondent found a defendant guilty of driving under the influence (DUI), first offense, no tag and no drivers license and sentenced the defendant to eleven months and twenty-nine days in jail, in excess of the statutory maximums. The Respondent also filed an affidavit against this defendant for perjury, issued an arrest warrant himself, and subsequently found him guilty. The Respondent has entered corrected judgments in this second case, and the perjury charge has been expunged upon notice and hearing.
The Respondent has also now resigned as Municipal Court Judge for the City of Shelby, Mississippi.
The Commission found that the Respondent's conduct violated Canons 1, 2 A, 2 B, 3 A(l), 3 A(4), 3 B(l) and 3 C(l)(a) of the Code of Judicial Conduct of Mississippi Judges.
The Commission recommended to the Mississippi Supreme Court that the Respondent be publicly reprimanded. The Commission also recommended that costs be assessed to the Respondent.

II.

THE RESPONDENT'S CONDUCT CONSTITUTES WILLFUL MISCONDUCT IN OFFICE AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION.
The Respondent's conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended, as applied by the Mississippi Supreme Court.
The Respondent incarcerated a defendant without notice or hearing. He also sentenced a defendant to more jail time than *1077 allowed by law and found the same defendant guilty of perjury based upon his own affidavit and warrant. In addition, perjury is a felony and therefore beyond the jurisdiction of the Municipal Court.
As the Court held in In re Quick, 553 So.2d 522, 524-525 (Miss. 1989):

Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally, or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith... .
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner so as to bring the judicial office into disrepute.
In re Anderson, 412 So.2d 743, 745 (Miss. 1982) (quoting In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255) (1977) (emphasis in original). See also In re Garner, 466 So.2d 884, 885 (Miss. 1985); In re Stewart, 490 So.2d 882, 884 (Miss. 1986); In re Collins, 524 So.2d 553 (Miss. 1987). Moreover, this Court can generally recognize examples of such conduct when presented before the Court. Anderson, 412 So.2d at 752 (Hawkins, J., specially concurring).
Furthermore, Respondent's conduct is conduct prejudicial to the administration of justice which brings the judicial office into disrepute. The Respondent violated Canons 1, 2 and 3 of the Code of Judicial Conduct of Mississippi Judges. As this Court stated in In re William Anderson, 451 So.2d 232, 234 (Miss. 1984):
While the conduct of Respondent, in our opinion, amounted to willful misconduct in office and conduct prejudicial to the administration of justice, bringing the judicial office into disrepute, we recognize as quoted in In re Anderson, supra, that a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
The Court in In re Quick, supra, at 527, relying upon essentially this same language, found that misconduct does not have to be imbedded in any form of bad behavior. Negligence, ignorance and incompetence are sufficient for a judge to behave in a manner prejudicial to the administration of justice which brings the judicial office into disrepute. See also, In re Bailey, 541 So.2d 1036 (Miss. 1989); In re Baker, 535 So.2d 47 (Miss. 1988); In re Collins, 524 So.2d 553 (Miss. 1987); In re Stewart, 490 So.2d 882 (Miss. 1986); In re Garner, 466 So.2d 884 (Miss. 1985); and In re [Lloyd] Anderson, 412 So.2d 743 (Miss. 1982).
When the total course of conduct by the Respondent is considered, it is clear the Commission findings are correct, and that his conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.

III.

THE RESPONDENT SHOULD BE PUBLICLY REPRIMANDED PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION.
Section 177A of the Mississippi constitution of 1890, as amended, provides that upon recommendation of the Commission, a judge may be removed, suspended, fined, publicly censured or publicly reprimanded by the Supreme Court. The Commission has recommended that the Respondent, Municipal Court Judge Cardell Fletcher, be publicly *1078 reprimanded and assessed the costs of this proceeding.
In accordance with Section 177A of the Mississippi Constitution and Rule 10 of the Rules of the Commission, as interpreted by this Court, the Commission recommends disciplinary sanctions and the Court, based upon a review of the entire record, determines the appropriate sanction. As the Court stated in In re Quick, supra at 527:
In judicial misconduct proceedings, this Court is the trier of fact, and it has sole power to impose sanctions. Garner, 466 So.2d at 885; Collins, 524 So.2d at 556. Although this Court has an obligation to conduct an independent inquiry, it nonetheless gives great weight to the finding of the Commission, which has had the opportunity to observe the demeanor of the witnesses. Garner, supra, at 885; Collins, supra at 556.
See also, Mississippi Judicial Performance Comm'n v. Walker, 565 So.2d 1117 (Miss. 1990).
As previously noted, the sanctions available to the Court include removal from office, suspension, fine and public censure or reprimand. The Court stated in Mississippi Judicial Performance Comm'n v. Walker, supra, "The sanction imposed should be consistent with other like cases and `ought to fit the offense.' In re Bailey, 541 So.2d 1036, 1039 (Miss. 1989)."
The Commission has recommended a public reprimand and assessment of costs. The Respondent has agreed to this recommendation and has joined in the Commission's motion to accept the recommended sanctions. In addition, the Respondent has resigned his position as Municipal Judge for Shelby, Mississippi, where the misconduct occurred. He continues to serve as a Bolivar County Justice Court Judge.
The proposed sanction is consistent with the elements as to the imposition of sanctions as found in In re Baker, 535 So.2d 47 (Miss. 1988), and Mississippi Judicial Performance Comm'n v. Walker, 565 So.2d 1117 (Miss. 1990). The recommendation for a public reprimand is supported by the facts of this inquiry and is hereby approved and adopted by this Court.

CONCLUSION
In conclusion, the Court finds that the conduct of the Respondent, Municipal Court Judge Cardell Fletcher, constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, in violation of Section 177A of the Mississippi Constitution of 1890, as amended. This Court hereby grants the Joint Motion for Approval of Recommendations filed by the Mississippi Commission on Judicial Performance and orders that Judge Cardell Fletcher be publicly reprimanded pursuant to Section 177A of the Mississippi Constitution and that he be taxed with the costs of this proceeding pursuant to Rule 36 of the Mississippi Supreme Court Rules.
JOINT MOTION FOR APPROVAL OF RECOMMENDATIONS FILED BY THE MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE GRANTED. JUDGE CARDELL FLETCHER TO BE PUBLICLY REPRIMANDED.
DAN LEE, C.J., PRATHER and SULLIVAN, P.JJ., and PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., not participating.