McRAE, Justice,
concurring in part and dissenting in part:
¶ 68. While I agree that Judge Byers deserves some type of discipline for her treatment of Jeffries (throwing her in jail without bond for contempt), I am disturbed by this Court’s eagerness to consider mere errors with regard to sentencing as violations of the Code of Judicial Conduct when there exists a better method for dealing with trial court error, i.e. the appellate process. In several previous cases, the Commission has sanctioned judges for correcting orders or re-sentencing defendants where the term of court has ended,[3] *976 yet the. majority and the Commission find fault with Judge Byers for not correcting an erroneous sentencing order after the term has ended. Judge Byers should not be faulted for having failed to do that which we have previously sanctioned other judges for doing.
¶ 69. Of the six counts against Judge Byers, five consist of erroneous rulings. Judges make erroneous rulings all the time but these mistakes should not be considered willful misconduct in office. We should not be in the business of disciplining selected judges for their erroneous rulings when the far more accepted method of correcting judicial error is the appellate process. Generally speaking, the cases in a circuit court setting are adversarial. If one party feels that the trial court has committed error, that party may appeal and, if we agree, we correct the error. Indeed, we have previously been presented with illegal sentences, and corrected them, in the context of the appellate process. See, e.g., Sewell v. State, 721 So.2d 129, 142 (Miss.1998) (statute did not permit imposition of sentence and fine); Arnett v. State, 582 So.2d 1003, 1012 (Miss.1988) (sentence illegal where trial court conditioned seven years imprisonment upon payment of fine); Payne v. State, 462 So.2d 902, 906 (Miss.1984) (seven years with two suspended upon payment of $8,000 fine was indefinite because it could be suspended at any time prior to completion); Smith v. State, 248 So.2d 436, 439 (Miss.1971) (sentence of seven years for first offense error under new Uniform Controlled Substances Act); Brewer v. State, 228 So.2d 582, 584 (Miss.1969) (statute for conviction of possession of illegal drugs required prison sentence in addition to fine). In none of those cases was the trial court reprimanded for his or her erroneous judgment. Either we allow judges to correct their sentencing errors at a later date . or we should not find fault with judges who do not.
1170. Moreover, while we admonish members of the Bar that they are to report violations of the Code of Judicial Conduct to the Commission, are we under the same obligation when we reverse a trial judge on appeal? Should every reversal based on an erroneous ruling by the trial court be accompanied by a complaint to the Judicial Performance Commission against the judge who made the ruling? Most of the charges against Judge Byers are similar to the errors we see every day on the appellate level. Just because a judge commits error while on the bench does not ipso facto mean that a Judge has violated the Canons of Judicial Conduct. Perhaps the problem is that the Code is so vague and .overbroad that no one can predict what actions may be later said to violate them.
¶ 71.1 also disagree with the assessment of a fine and costs. The $1,500 fine assessed against Judge Byers is disproportionate to what we have done in other, very similar, cases. For instance, in Mississippi Comm’n on Judicial Performance v. Sanders, 749 So.2d 1062 (Miss.1999), we ordered that Judge Sanders be publicly reprimanded and we assessed her the costs of the tribunal proceedings. We rejected, however, the Commission’s recommendation of a $3,000 fine and imposed no fine. Judge Sanders had been sanctioned once before (and given a private reprimand) and on the second occasion was disciplined for improperly jailing her circuit court clerk. This is Judge Byers’s second appearance in a suit brought by the Judicial Performance Commission (she was previously given a private reprimand) and she is now before us charged with improperly jailing á newspaper reporter. Similar offenses should be punished similarly. The fine of $1,500 assessed in this case is *977 disproportionate given what we have done in other cases.
¶ 72. Likewise, in two cases where judges were found to have mishandled criminal cases, we assessed a public reprimand but no fine. Mississippi Comm’n on Judicial Performance v. Vess, 692 So.2d 80 (1997); Mississippi Comm’n on Judicial Performance v. Fletcher, 686 So.2d 1075 (Miss.1996). In the latter case, the justice court judge was found to have incarcerated a defendant without notice or hearing, sentenced another defendant to more jail time than allowed by law and found the same defendant guilty of perjury based upon the judge’s own affidavit and warrant. Fletcher, 686 So.2d at 1076. If the conduct of the judges in these two cases did not warrant the assessment of a fíne, we should not penalize Judge Byers with a fíne.
¶ 73. Nor should Judge Byers be assessed with costs in the amount of $2,023.59. I find no authority in § 177A of the Mississippi Constitution for assessing disciplined judges with costs. The Commission’s Certificate of Costs lists $911.29 spent on travel expenses for committee members without further breakdown of those expenses. If this were a civil case wherein the winning litigant requested costs, this type “proof’ would be wholly insufficient. See Lovett v. E.L. Garner, Inc., 511 So.2d 1346, 1354 (Miss.1987) (refusing to assess attorneys fees where prevailing party failed to provide documentation of same). No other agency or court is allowed to charge these types of expenses; why is the Judicial Performance Commission any different? The Commission fails to provide any information as to what these “travel” expenses represent or the number of Commission members for which the travel costs were assessed. A committee of three hears the case and submits its findings to the full Commission at its regular meeting. We are without any information as to whether the travel costs, whatever they are, was for the three-member committee or whether they were charged on behalf of the full Commission for its regular meeting or whether the costs represent travel expenses by both the committee and the Commission. Since the Commission may consider more than one case at each meeting, is the Commission allowed to charge each person disciplined for the same “travel”?
¶ 74. Again, sanctions not specifically authorized under § 177A may not be ordered. In re Branan, 419 So.2d 145 (Miss.1982). Additionally, the mere fact that they can be assessed only when the judge loses before the Commission acts as an incentive for members of the Commission to return a finding of guilt. In the case before us, Judge Byers was apparently never given an itemized list of the costs nor was she ever given an opportunity to challenge the costs. In this respect, we give greater due process to our litigants in civil cases than we do to judges in disciplinary actions. Why?
¶75. Finally, there is no authority in § 177A of the Constitution or any statute or rule that specifies the costs to be assessed. While this Court approved the assessment of costs in these type proceedings in Mississippi Comm’n on Judicial Performance v. Russell, 724 So.2d 873 (Miss.1998), there is no reason why we should allow for assessment of costs other than those that are customary. Expenses for meals, lodging, and mileage are not the sort of costs typically awarded litigants in our courts. Nor do courts routinely award costs supported solely by the uncorroborated request of a litigant. The costs and expenses assessed in this case have not been proved by clear and convincing evidence, and we should not rubber stamp them where no testimony has been taken or documentation entered into the record in their support. The Commission failed in its burden to prove the expenses and costs, and the majority errs when it accepts the recommendation of the Commission to assess them in this case.
. ¶ 76. For these reasons, I concur in the public reprimand of Judge Byers. Howev *978 er, I would allow only the filing fee of $100 and the cost of the transcript ($956.50) and deny all other costs. Therefore, I concur in part and dissent in part.
BANKS, J., joins this opinion in part.

. Mississippi Comm’n on Judicial Performance v. Sanders, 708 So.2d 866 (Miss.1998) (public reprimand for suspending sentence of former client and placing second inmate on probation after his conviction and sentence had been affirmed by Court of Appeals); Mis *976 sissippi Comm'n on Judicial Performance v. Russell, 691 So.2d 929 (Miss.1997) (where no appeal is taken and defendant begins to serve sentence imposed, -time has passed for trial judge to suspend sentence and, if case is affirmed on appeal to the Supreme Court, there is no authority to modify judgment and sentence).