774 So.2d 414 (2000)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Larry NEAL, Justice Court Judge.
No. 2000-JP-01062-SCT.
Supreme Court of Mississippi.
December 21, 2000.
*415 Luther T. Brantley, III, Jackson, Attorney for Appellant.
Herbert L. Lee, Jr., Jackson, Attorney for Appellee.
EN BANC.
WALLER, Justice, for the Court:
¶ 1. The Mississippi Commission on Judicial Performance filed a formal complaint against Larry Neal, a Leflore County, Mississippi, Justice Court Judge, charging him with a violation of Section 177A, Mississippi Constitution of 1890, as amended. The Commission and Judge Neal entered into an Agreed Statement of Facts and Proposed Recommendation which was adopted by the full Commission. Based on the stipulation of facts, the Commission determined that Judge Neal's conduct violated Canons 1, 2A, 2B, 3A(1), 3A(3), 3A(4) and 3C(1)(a) of the Code of Judicial Conduct of Mississippi Judges.[1] Further, the Commission *416 found that Judge Neal's behavior constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute in violation of Section 177A of the Mississippi Constitution of 1890, as amended. We adopt the Commission's recommendation of public reprimand and payment of costs of $266.20.

FACTS
¶ 2. Andrew Beck, a party before Judge Neal's court, had been charged with disturbing the peace and possession of less than an ounce of marijuana. At Beck's trial, Andrew Banyon exonerated Beck by testifying that the marijuana belonged to him, and not Beck. Judge Neal ultimately dismissed these charges against Beck, but told Beck that he must file charges and testify against Banyon or the dismissed marijuana charge would be reinstated.
¶ 3. Beck complied with Judge Neal's directions and filed an affidavit against Banyon. At the hearing, Banyon changed his testimony and testified that the marijuana did not belong to him. Judge Neal then charged Banyon with perjury and placed him back in jail. As promised, Judge Neal set aside the dismissal of the possession of marijuana charge against Beck and ordered a new trial.
¶ 4. Both trials were set for the next day. Judge Neal presided over both trials and found Beck guilty of possession of marijuana and Banyon guilty of perjury. Judge Neal fined Beck and Banyon in excess of his statutory authority and sentenced both to jail time in excess of his statutory authority. Judge Neal lacked jurisdiction to hear the perjury charge, as perjury is a felony and beyond the jurisdiction of the justice court.

STANDARD OF REVIEW
¶ 5. In judicial misconduct proceedings, this Court is the trier of fact, and it has the sole power to impose sanctions. In re Quick, 553 So.2d 522, 527 (Miss. 1989); see also In re Collins, 524 So.2d 553, 556 (Miss.1988); In re Inquiry Concerning Garner, 466 So.2d 884, 885 (Miss. 1985). Although this Court has an obligation to conduct an independent inquiry, it nonetheless gives great weight to the findings of the Commission which has had the opportunity to observe the demeanor of the witnesses. Collins, 524 So.2d at 556; Garner, 466 So.2d at 885.

ANALYSIS

I. DID JUDGE NEAL'S CONDUCT CONSTITUTE WILLFUL MISCONDUCT IN OFFICE AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO ARTICLE 6, SECTION 177A OF THE MISSISSIPPI CONSTITUTION?
¶ 6. Although Judge Neal readily admitted to misconduct, he maintained that he was unaware that he had exceeded his jurisdiction or taken any action in violation of the Code of Judicial Conduct until the Commission filed its formal complaint. Even absent a finding of willfulness, this Court will not tolerate excessive and inappropriate judicial misbehavior on any ground as noted by this Court as follows:
Official integrity of our Justice Court Judges is vitally important, for it is on that level that many citizens have their only experience with the judiciary. We may not tolerate misconduct or misfeasance on any ground, particularly not on grounds of ignorance or incompetence. In re Garner, 466 So.2d 884, 887 (Miss. 1985); see also In re Stewart, 490 So.2d *417 882, 885 (Miss.1985[1986]); and In re Collins, 524 So.2d 553, 557 (Miss.1987).
Quick, 553 So.2d at 525.
¶ 7. Mere negligence or ignorance of the law can constitute behavior prejudicial to the administration of justice.
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. In re Anderson, 412 So.2d 743, 745 (Miss. 1982) (quoting In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977) (emphasis in original)); see also In re Garner, 466 So.2d 884, 885 (Miss.1985); In re Stewart, 490 So.2d 882, 884 (Miss.1986); In re Collins, 524 So.2d 553 (Miss.1987).
Quick, 553 So.2d at 524-25.
¶ 8. Based on these facts and our precedents, this Court agrees with and adopts the Commission's recommendation and concludes that Judge Neal's actions in the Banyon and Beck cases constituted willful misconduct and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.

II. SHOULD JUDGE NEAL BE PUBLICLY REPRIMANDED AND ASSESSED COSTS OF $266.20 AS RECOMMENDED BY THE COMMISSION?
¶ 9. In considering its recommendation concerning Judge Neal, the Commission was impressed with his humility and willingness to take responsibility for his actions. Deference was also afforded Judge Neal in that he had served as justice court judge for eleven (11) years without any previous complaints being filed against him. It was further noted that as a result of this incident, a full time Justice Court Prosecutor was hired by Leflore County, Mississippi, to prosecute criminal cases and help prevent similar problems from occurring in the future.
¶ 10. The Commission recommended that Judge Neal be publicly reprimanded and assessed all costs. This Court has noted that there are occasions where it may simply choose to defer to the Commission. In re Bailey, 541 So.2d 1036, 1040 (Miss.1989). Moreover, this Court has not yet removed a judge from office for a first offense where the judge has not profited in some way from his misconduct, although it certainly has that power. Id.
¶ 11. This Court agrees with and adopts the Commission's recommendation that Judge Neal be publicly reprimanded and assessed the costs of this proceeding in the amount of $266.20.

CONCLUSION
¶ 12. This Court finds that Judge Neal's zealousness and judicial misbehavior constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, in violation of Section 177A of the Mississippi Constitution of 1890. This Court also adopts the unanimous recommendation of the Commission to reprimand publicly Judge Neal, in the form and manner provided by law, and assess costs against Judge Neal in the amount of $266.20.
¶ 13. The Clerk of this Court shall forward a copy of this opinion to the Circuit Court of Sunflower County, and the presiding circuit judge of that court is instructed to read this opinion in open court on the first day of next court term with Judge Larry Neal present.
¶ 14. SUNFLOWER COUNTY JUSTICE COURT JUDGE LARRY NEAL SHALL BE PUBLICLY REPRIMANDED FOR WILLFUL MISCONDUCT AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE THAT BRINGS THE JUDICIAL OFFICE INTO DISREPUTE AND SHALL *418 PAY THE COSTS OF THIS PROCEEDING IN THE AMOUNT OF $266.20 WITHIN THIRTY (30) DAYS.
PRATHER, C.J., PITTMAN and BANKS, P.JJ., MILLS, COBB and DIAZ, JJ., concur.
McRAE, J., concurs in result only.
SMITH, J., not participating.
NOTES
[1] Canon 1, A Judge Should Uphold the Integrity and Independence of the Judiciary.

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
Canon 2, A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities.
A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
Canon 3, A Judge Should Perform the Duties of His Office Impartially and Diligently.
The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities.
(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism.
* * * *
(3) A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity, and should require similar conduct of lawyers, and of his staff, court officials, and others subject to his direction and control.
(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him if he gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.
C. Disqualification
(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....