794 So.2d 1030 (2001)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
James E. WELLS.
No. 2001-JP-00229-SCT.
Supreme Court of Mississippi.
September 20, 2001.
*1031 Luther T. Brantley, III, Attorney for Appellant.
Appellee, pro Se.
EN BANC.
BANKS, Presiding Justice, for the Court:
¶ 1. This matter is before the Court on a joint motion filed by the Mississippi Commission on Judicial Performance and James E. Wells, Justice Court Judge, District One, Jefferson County, Mississippi for *1032 the approval of disciplinary recommendations. Because the sanctions are supported by the facts of this inquiry, the motion is granted.

I.
¶ 2. On August 30, 2000, the Commission filed a formal complaint charging Judge James E. Wells with judicial misconduct constituting a violation of Article 6, Section 177A of the Mississippi Constitution of 1890, as amended. Judge Wells filed an answer to the amended formal complaint on September 22, 2000. In lieu of an evidentiary hearing, an Agreed Statement of Facts and Proposed Recommendation was submitted and filed by the Commission and Judge Wells. The findings of the Commission are as follows:
¶ 3. On April 20, 2000, Judge Wells, in his official capacity as justice court judge, was to preside over criminal charges filed by Lakisha Shaw against Derrick Shelvy and over charges filed against Shaw by Shelvy's mother. Without testimony to prove the charges and without giving Shaw an opportunity to defend herself, Judge Wells found Shaw guilty of disturbing the peace and simple assault based upon the affidavits alone.
¶ 4. By engaging in this conduct, the Commission found Wells, in his official capacity as justice court judge, to be in violation of Canons 1, 2A, 2B, 3A(1) and 3A(4) of the Mississippi Code of Judicial Conduct. It additionally found the conduct constituted willful misconduct and conduct prejudicial to the administration of justice, bringing the judicial office into disrepute, in violation of Section 177A of the Mississippi Constitution of 1890. The Commission recommends that Wells be publicly reprimanded and assessed costs in the amount of $100.00.

II.
¶ 5. This Court conducts de novo review of judicial misconduct proceedings, giving great deference to the findings and recommendations of the Mississippi Judicial Performance Commission. Mississippi Comm'n on Judicial Performance v. Vess, 692 So.2d 80, 83 (Miss.1997). Article 6, Section 177A of the Mississippi Constitution provides in relevant part that:
On recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for:(b) willful misconduct in office; .. or (e) conduct prejudicial to the administration of justice brings the judicial office into disrepute.
We, thus, have the sole power to impose sanctions when based on clear and convincing evidence, Mississippi Comm'n Judicial Performance v. Fletcher, 686 So.2d 1075 (Miss.1996); In re Inquiry Concerning Garner, 466 So.2d 884, 885 (Miss.1985), and we have sanctioned conduct similar to that charged here before. See Mississippi Comm'n on Judicial Performance v. Dodds, 680 So.2d 180 (Miss.1996) (judge sanctioned for issuing temporary retraining order against pastor without any legal authority and without any notice or opportunity to be heard given to pastor).
¶ 6. The Commission has charged Wells with willful misconduct and conduct prejudicial to the administration of justice because, while presiding over a criminal matter, he found a defendant guilty of disturbing the peace and simple assault based solely on the affidavits, without affording the defendant the opportunity to defend herself. We have adopted the following definition for willful misconduct:
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the *1033 judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.

In Re Anderson, 412 So.2d 743, 745 (Miss.1982) (quoting In Re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977)) (emphasis in original in italics); see also In re Inquiry Concerning Garner, 466 So.2d 884, 885 (Miss.1985); In Re Stewart, 490 So.2d 882, 884 (Miss.1986); In Re Collins, 524 So.2d 553 (Miss.1987). Moreover, this Court can generally recognize examples of such conduct when presented before the Court. Anderson, 412 So.2d at 752 (Hawkins, J., specially concurring).
In re Quick, 553 So.2d 522, 524-25 (Miss. 1989) (emphasis added in bold face). Under the definition, the Commission concludes that Judge Wells's conduct amounted to "willful misconduct" in office and "conduct prejudicial" to the administration of justice, bringing the "judicial office into disrepute." This Court agrees.
¶ 7. Judge Wells's conduct violates Canons 1, 2A,2B, 3A(1) and 3A(4) of the Code of Judicial Conduct of Mississippi Judges. In failing to permit Shaw to defend herself in a criminal matter, his conduct amounts to an "attack on the integrity and independence of the judicial office," in violation of Canon 1[1] of the Code. Mississippi Comm'n on Judicial Performance v. Dodds, 680 So.2d 180. By denying Shaw a right to a defense, he undermined the integrity and impartiality of the judiciary as prescribed in Canon 2(A) and 2(B).[2] In failing to accord Shaw a full right to be heard, his conduct was a clear violation of Canon 3(A)(1)'s requirement that judges be faithful to the law and maintain professional competence and Canon 3(A)4's[3] requirement that judges "accord to every person who is legally interested in a proceeding, a full right to be heard according to the law."

III.
¶ 8. To mitigate these findings, we note that Wells has served as a Justice Court Judge for District One of Jefferson *1034 County, Mississippi, since 1996. This is the first complaint filed against him by the Commission, and it does not believe, nor do we, that Judge Wells deliberately or intentionally violated the Canons of the Code of Judicial Conduct of Mississippi Judges nor Section 177A of the Mississippi Constitution of 1890, as amended. All agree that Judge Wells now understands that every litigant has a full right to be heard according to the law and not on the sworn allegations of an affidavit alone.
¶ 9. In accordance with section 177A, providing that upon recommendation of the Commission, this Court may remove, suspend, fine, publicly censure or publicly reprimand judges found to be in violation, the Commission recommends that Judge Wells be publicly reprimanded and assessed costs in the amount of $100.00. Judge Wells has agreed to this recommendation and has joined in the Commission's motion to accept the recommended sanctions. We agree and find the sanction consistent with previous decisions. See Mississippi Comm'n on Judicial Performance v. Sanders, 708 So.2d 866 (Miss. 1998) (public reprimand and assessment of court costs warranted for circuit judge's abuse of court's contempt powers against circuit clerk and for judge's unlawful expungement of felony convictions of two criminal defendants); Mississippi Comm'n on Judicial Performance v. Fletcher, 686 So.2d 1075 (Miss.1996) (conduct of judge, who incarcerated defendant without notice or hearing constituted willful misconduct in office and conduct prejudicial to the administration of justice which brought judicial office into disrepute, and warranted public reprimand and assessment of costs).

IV.
¶ 10. For the reasons stated, the findings and disciplinary recommendations of the Mississippi Commission on Judicial Performance are approved and adopted, and the motion is granted.
¶ 11. JAMES E. WELLS, JUSTICE COURT JUDGE OF JEFFERSON COUNTY, SHALL (1) BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING CIRCUIT JUDGE OF THE CIRCUIT COURT OF JEFFERSON COUNTY ON THE FIRST MONDAY OF THE NEXT TERM OF THAT COURT AFTER THIS DECISION IS FINAL, AND (2) PAY THE COSTS OF THIS PROCEEDING IN THE AMOUNT OF $100.00.
PITTMAN, C.J., McRAE, P.J., SMITH, MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.
NOTES
[1] CANON 1: A Judge Should Uphold the Integrity and Independence of the Judiciary

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
[2] CANON 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities

A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
[3] (4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him if he gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.