848 So.2d 824 (2003)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Ted L. BLAKENEY.
No. 2002-JP-01993-SCT.
Supreme Court of Mississippi.
June 19, 2003.
Luther T. Brantley, III, for Appellant.
L. Wesley Broadhead, Mendenhall, for Appellee.
EN BANC.
GRAVES, Justice, for the Court.
¶ 1. This judicial performance case is before this Court on the Joint Motion for Approval of Recommendations filed by the Mississippi Commission on Judicial Performance (Commission) and Ted L. Blakeney, Justice Court Judge, Post One, of Simpson County, Mississippi. The Commission and Judge Blakeney request that we accept the Commission's findings of fact, conclusions of law, and recommendation for discipline of Judge Blakeney.

FACTS
¶ 2. Pursuant to a citizen complaint filed by Steve Barber, the Commission initiated an investigation of Judge Blakeney. Thereafter, the Commission filed a formal complaint against Judge Blakeney on December 7, 2001, for judicial misconduct. Judge Blakeney filed an answer on February 19, 2002.
*825 ¶ 3. On October 22, 2002, a hearing was held before the Committee of the Commission. Steve Barber, a deputy with Simpson County Sheriff's Department, testified that in February 2001 he cited Ryan Lofton for possession of less than ounce of marijuana. He also cited William Floyd for a DUI and possession of marijuana. Barber testified that Judge Blakeney asked Barber to come see him. Barber stated that upon arriving at Judge Blakeney's office, he found that Judge Blakeney was in Judge Knight's office and Judge Knight was present. Barber stated that Judge Blakeney said that he had spoken with the defendants and their families. Barber stated that these cases were set for trial the same day and that Judge Blakeney said that if Barber did not show up for court, the charges would be dismissed and that any other cases set for that day, for which Barber would need to appear, would be continued. Barber stated that he agreed not to show up, but after discussing the matter with the sheriff and chief deputy, he decided to appear for the court date. Barber appeared for the case involving Ryan Lofton before Judge Knight and Lofton was found guilty. William Floyd's case was continued.
¶ 4. The committee entered its findings of facts and conclusions of law on October 29, 2002. Judge Blakeney did not file any objections to the committee's findings. On November 8, 2002, the Commission adopted the findings of the committee. The Commission concluded that Judge Blakeney violated several provisions of the Code of Judicial Conduct in the following ways: Judge Blakeney initiated and participated in an ex parte communication with Officer Barber in violation of Canon 3A(4); Judge Blakeney's conduct brought into question the independence and integrity of the judiciary in violation of Canon 1; Judge Blakeney failed to conduct himself in a manner that promoted public confidence in the integrity of the judiciary in violation of Canon 2A and B by advocating that an officer not appear in court on a case assigned to another judge as a means of securing a dismissal of charges; and Judge Blakeney's conduct indicates a failure to be faithful to the law and to maintain professional competence in violation of Canon 3A(1). Furthermore, the Commission found that Judge Blakeney's conduct was prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to article 6, Section 177A of the Mississippi Constitution of 1890, as amended. The Commission recommended that Blakeney be publicly reprimanded pursuant to Article 6, Section 177A of the Mississippi Constitution of 1890, as amended and be assessed the cost of the proceedings in the amount of $663.59.

DISCUSSION
¶ 5. The Commission argues that Judge Blakeney has violated several canons of the Code of Judicial Conduct, more specifically Canons 1, 2A, B, and 3A(1),(4). The Commission avers that Judge Blakeney's conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section "177A of the Mississippi Constitution of 1890, as amended.
¶ 6. Section 177A(e) of the Mississippi Constitution, as amended, states:
On recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for:
(e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for *826 physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character
¶ 7. Judge Blakeney has exhibited conduct prejudicial to the administration of justice which brings the judicial office into disrepute. In addition, he has violated Canons 1, 2A, B, and 3A(1), (4), which state in pertinent part:
CANON 1 A Judge Should Uphold the Integrity and Independence of the Judiciary
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code should be construed and applied to further that objective.
CANON 2 A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities
A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. Judges shall not allow their family, social, or other relationships to influence the judges' judicial conduct or judgment. Judges shall not lend the prestige of their offices to advance the private interests of the judges or others; nor shall judges convey or permit others to convey the impression that they are in a special position to influence the judges. Judges shall not testify voluntarily as character witnesses.
CANON 3 A Judge Should Perform the Duties of His Office Impartially and Diligently
A. Judicial Duties in General. The judicial duties of judges take precedence over all their other activities. The judges' judicial duties include all the duties of their office prescribed by law. In the performance of these duties, the following standards apply:
B. Adjudicative Responsibilities.
(1) A judge shall hear and decide all assigned matters within the judge's jurisdiction except those in which disqualification is required.
(4) Judges shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom they deal in their official capacities, and shall require similar conduct of lawyers, and of their staffs, court officials, and others subject to their direction and control.
¶ 8. Judge Blakeney initiated and participated in an ex parte communication with Officer Barber and advocated that Barber not appear in court on a case assigned to another judge as a means of securing a dismissal of charges. This Court has held that
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith *827 Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.
In re Quick, 553 So.2d 522, 524 (Miss. 1989).
¶ 9. The Commission and Judge Blakeney recommend that Judge Blakeney be publicly reprimanded and be assessed costs of $663.59. This Court has held that the sanctions in cases of misconduct of justice court judges should fit the offense and be consistent with other cases. In re Bailey, 541 So.2d 1036, 1039 (Miss.1989). This Court is the sole trier of facts in cases that concern the imposition of sanctions against a judge who has committed misconduct. Miss. Comm'n on Judicial Performance v. Fletcher, 686 So.2d 1075, 1078 (Miss.1996). However, we give great weight to the recommendation of the Commission which has had the opportunity to observe the demeanor of the witnesses. Id. We also consider factors including "the length and character of the judge's service, any positive contributions made by the judge to the courts and the community, the lack of prior judicial precedent on the incident in issue, commitment to fairness and innovative procedural form on the part of the judge, the magnitude of the offense, the number of persons affected, and whether `moral turpitude' was involved." Miss. Comm'n on Judicial Performance v. Gunn, 614 So.2d 387, 390 (Miss.1993).
¶ 10. Judge Blakeney had been a justice court judge for three years at the time of the hearing before the Commission. The record is silent with regard to any positive contributions which he may have made to the court or community. Judge Blakeney committed an offense involving ex parte communications, the likes of which this Court has ruled on many times before. The magnitude of the offense affects the integrity of the court because he initiated the contact to influence the outcome in the cases involving Lofton and Floyd. Judge Blakeney's commitment to fairness becomes questionable in this instance. There were no allegations that Judge Blakeney's violations involved moral turpitude. The sanction recommended in this case is consistent with other cases where a public reprimand and sanctions have been imposed. This Court has upheld the recommendation of the Commission by imposing a public reprimand and fine of $400 where the justice court judge was involved in ticket fixing and ex parte communications with a traffic violator. Miss. Comm'n on Judicial Performance v. Gunn, 614 So.2d at 391. Similarly, we have imposed a public reprimand and $1,173.45 in costs where a judge negligently engaged in ex parte communications with a defendant, the defendant's mother, the arresting officer, and the prosecuting attorney, and interfered with the defendant's bonding process. Miss. Comm'n on Judicial Performance v. Vess, 692 So.2d 80 (Miss.1997). Therefore, as requested by the Commission and Judge Blakeney, we adopt the Commission's findings, conclusions and recommendation.

CONCLUSION
¶ 11. For the aforementioned reasons and in accordance with the recommendation of the Commission, we publicly reprimand Simpson County Justice Court Judge Ted L. Blakeney and assess costs of $663.53 against him.
¶ 12. SIMPSON COUNTY JUSTICE COURT JUDGE TED L. BLAKENEY IS PUBLICLY REPRIMANDED AND ORDERED TO PAY THE COSTS OF THIS *828 PROCEEDING IN THE AMOUNT OF $663.53.
PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ, EASLEY and CARLSON, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY.