GRAVES, Justice,
Concurring in Part and Dissenting in Part:
¶ 46. I agree with the majority’s holding that Judge Osborne’s actions constitut *328 ed willful misconduct prejudicial to the administration of justice which brought the judicial office into disrepute, but I disagree with the majority’s decision to only partially adopt the recommendation of the Commission on Judicial Performance. ‘“This Court conducts de novo review of judicial misconduct proceedings, giving great deference to the findings, based on clear and convincing evidence, of the recommendations of the Commission.’” Miss. Comm’n on Judicial Performance v. Fowlkes, 967 So.2d 12, 14 (Miss.2007) (quoting Miss. Comm’n on Judicial Performance v. Gordon, 955 So.2d 300, 303 (Miss.2007)). Yet, despite the deference which should be given to the Commission’s recommendations, there is an escalating trend of this Court to ignore those recommendations. See Miss. Comm’n on Judicial Performance v. Fowlkes, 967 So.2d 12 (Miss.2007) (this Court found the Commission’s recommendation insufficient and ordered a public reprimand, suspension for thirty days without pay, and payment of costs); Miss. Comm’n on Judicial Performance v. Gordon, 955 So.2d 300 (Miss.2007) (the Commission recommended public reprimand and assessment of costs, and this Court adopted that recommendation and also suspended Gordon for thirty days without pay); Miss. Comm’n on Judicial Performance v. Ivory E. Britton, 936 So.2d 898 (Miss.2006) (the Commission recommended a public reprimand, and this Court ordered a public reprimand, a thirty-day suspension without pay, and costs assessed to Britton); Miss. Comm’n on Judicial Performance v. Sanford, 941 So.2d 209 (Miss.2006) (the Commission recommended a public reprimand and assessment of costs, and this Court ordered a public reprimand, assessment of costs, and a thirty-day suspension without pay); Miss. Comm’n on Judicial Performance v. Justice Court Judge T.T., 922 So.2d 781 (Miss.2006) (among other recommendations, the Commission recommended a public reprimand, and this Court adopted the Commission’s recommendations in part but imposed a private reprimand); Miss. Comm’n on Judicial Performance v. Martin, 921 So.2d 1258 (Miss.2005) (the Commission recommended that Judge Martin be publically reprimanded and suspended for thirty days without pay, and this Court dismissed the case with prejudice); Miss. Comm’n on Judicial Performance v. Former Judge U.U., 875 So.2d 1083 (Miss.2004) (the Commission recommended a public reprimand, a fine of $500, and that Former Judge U.U. be assessed costs of the appeal in amount of $953.95, and this Court imposed a private reprimand and assessed the former judge the costs of the appeal in the amount of $953.95); Miss. Comm’n on Judicial Performance v. Wilkerson, 876 So.2d 1006 (Miss.2004) (rejecting the Commission’s findings and recommendation, and dismissing the Commission’s complaint and the case with prejudice); Miss. Comm’n on Judicial Performance v. Gibson, 883 So.2d 1155 (Miss.2004) (the Commission recommended that Gibson be publically reprimanded and assessed costs of the proceedings, and this Court adopted the recommendation of the Commission and further imposed a $330 fine); Miss. Comm’n on Judicial Performance v. Blakeney, 905 So.2d 521 (Miss.2004) (the Commission recommended a public reprimand, and this Court imposed a private reprimand).
¶ 47. As correctly quoted by the majority, “[wjhile it is true that this Court is the trier of fact in judicial misconduct proceedings and may impose additional sanctions, it nonetheless gives great weight to the findings of the Commission which has had the opportunity to observe the demeanor of the witness.” In re Garner, 466 So.2d *329 884, 885 (Miss.1985). The Commission or Committee enjoys the same benefits as a jury sitting as a finder of fact, those being the ability to hear all of the testimony first-hand, to observe the demeanor of the witnesses, and to weigh the credibility of such witnesses. With all of that knowledge, the Commission is able to mete out a punishment which is commensurate with the infraction and make its recommendation to this Court.
¶48. In the instant case, the matter came on for hearing before a Committee comprised of Judge Melvin J. Ray, Judge Henry L. Lackey, and Rick J. Coulter, who unanimously recommended that Judge Osborne be suspended from the office of County Court Judge for ninety days, without compensation, and that he be assessed with all costs of the proceeding. On March 9, 2007, the Commission unanimously accepted and adopted the Committee’s Findings of Fact and Recommendation. When this Court disregards the recommendation of the Commission, which has become increasingly more common, as evidenced by the above-cited cases and today’s case, we are effectively rendering the work of the Commission moot and valueless.
¶ 49. Secondly, today’s opinion deprives the citizens of Mississippi of their right to have an official, elected by the citizens, serving in the capacity in which they chose him to serve. Effectively, this Court has suspended the will of the electorate for one hundred and eighty days. I recognize that suspension and removal are punishments which can be imposed in the most egregious situations of judicial misconduct, however, the punishment in the instant case is harsh and provides for a suspension which is twice as long as the one recommended by the Mississippi Commission on Judicial Performance.
¶ 50. For the foregoing reasons, I respectfully concur in part and dissent in part.