812 So.2d 204 (2002)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
A.J. PEYTON.
No. 2001-JP-01506-SCT.
Supreme Court of Mississippi.
March 28, 2002.
*205 Luther Brantley, III, for appellant.
Edward J. Peters, Jackson, for appellee.
EN BANC.
COBB, Justice, for the Court.
¶ 1. This matter is before the Court on the Joint Motion for Approval of Recommendations filed by the Mississippi Commission on Judicial Performance and Justice Court Judge A.J. Peyton, Southern District, Yazoo County, Mississippi. The sanctions are warranted by the facts as determined in this inquiry, and the motion is granted.

FACTS
¶ 2. On December 5, 2000, the Commission filed a formal complaint charging Judge Peyton with judicial misconduct in violation of Canons 1, 2A, 2B, 3A(1), 3B(4), and 3C(1)(d) of the Code of Judicial Conduct and constituting a violation of Article 6, Section 177A of the Mississippi Constitution of 1890, as amended. Judge Peyton filed his answer to the formal complaint on February 5, 2001. In lieu of an evidentiary hearing, an Agreed Statement of Facts and Proposed Recommendation was submitted and filed by counsel for the Commission and counsel for Judge Peyton. Three separate and distinct violations were found.
¶ 3. First, the Commission found that Judge Peyton, in his official capacity as a justice court judge, signed a perfunctory order appointing Yazoo County Public Defender Alva Taylor as counsel for an indigent murder suspect who came before his court for an initial appearance. Taylor is Judge Peyton's daughter, who was appointed as the Yazoo County Public Defender by circuit court order entered in November 1999. All indigent counsel appointments for Yazoo County are initially assigned to Taylor, but she does not appear before Judge Peyton as counsel for any defendant. She assigns all cases to be heard in his court to one of the three Assistant Public Defenders who work in her office. At the same time, Judge Peyton signed a second order which named assistant public defender Belinda Stevens as counsel for the murder suspect.
¶ 4. Second, the Commission found that Judge Peyton, in his official capacity as a justice court judge, during the initial appearance of a different defendant, set bond at $100,000. Two days later, Judge Peyton conducted an ex parte bond reduction hearing without notice to the prosecuting attorney, and lowered the bond to $50,000. Judge Peyton stated that it had been customary practice in Yazoo County for defense attorneys to request bond reductions of the justice court judges without notice to the county prosecutor or district attorney. This practice ceased once Judge Peyton was notified that this was an improper procedure and he affirmed that this improper practice will not reoccur.
¶ 5. Third, the Commission found that Judge Peyton, in his official capacity as a justice court judge, sua sponte set aside a judgment in the amount of $2,114 which he had entered following a civil trial. Four days after the trial, Judge Peyton set a date for a new trial without conducting the statutorily required proceeding and without a showing of good cause to set aside the judgment. Judge Peyton stated that he relied on M.R.C.P. 59 as authority for this action. However, the Mississippi *206 Rules of Civil Procedure are not applicable in justice court. See M.R.C.P. 1. Further, Judge Peyton also cited Miss.Code Ann. § 9-11-33 (1991) as authority for his actions in this matter. However, he failed to abide by § 9-11-33, which requires that a proceeding be conducted and good cause be shown. Only after such a proceeding is held may a justice court judge set aside a judgment in a case conducted before him. No such proceeding took place in this instance until after the judgment was set aside, at which time all parties were summoned into court by Judge Peyton and a new trial was held.
¶ 6. Judge Peyton's conduct in these three instances resulted in the Commission's finding that he was in violation of Canons 1, 2A, 3A(1) and the first sentence of 3A(4) of the Mississippi Code of Judicial Conduct.[1] In addition, the Commission found his conduct to be prejudicial to the administration of justice, bringing the judicial office into disrepute, in violation of § 177A of the Mississippi Constitution of 1890. The Commission recommended, and Judge Peyton agreed, that he should be suspended without pay for a period of thirty days and assessed with court costs in the amount of $100.

DISCUSSION
¶ 7. This Court conducts de novo review of judicial misconduct proceedings, giving great deference to the findings and recommendations of the Mississippi Judicial Performance Commission. Mississippi Comm'n on Judicial Performance v. Vess, 692 So.2d 80, 83 (Miss.1997). While giving great deference to the Commission's findings, we are also charged to render independent judgment. In re Collins, 524 So.2d 553, 556 (Miss.1987).
¶ 8. Article 6, § 177A of the Mississippi Constitution provides in relevant part that:
. . . .
On recommendation of the Commission on Judicial Performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for:
. . . .

*207 (E) conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
. . . .
We have the sole power to impose sanctions when based on clear and convincing evidence. Mississippi Comm'n Judicial Performance v. Fletcher, 686 So.2d 1075, 1078 (Miss.1996); In re Garner, 466 So.2d 884, 885 (Miss.1985).
¶ 9. The Commission found, by clear and convincing evidence, that Judge Peyton's conduct described above was prejudicial to the administration of justice which brings the judicial office into disrepute. We have held that a judge may:
... through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved, and warrants sanctions.
In re [William] Anderson, 451 So.2d 232, 234 (Miss.1984).
¶ 10. Relying on similar language, this Court has found that misconduct does not have to be imbedded in any form of bad behavior. In re Quick, 553 So.2d 522, 527 (Miss.1989). When the total course of Judge Peyton's conduct is considered, it is clear that the Commission's findings are correct, and that his conduct constitutes conduct prejudicial to the administration of justice which beings the judicial office into disrepute.
¶ 11. In addition to these findings, we note that Judge Peyton on two previous occasions has been the subject of judicial discipline. In 1990, he was publicly reprimanded on the charge of engaging in improper political activities over an extended period, and fined $1,000. See Mississippi Comm'n on Judicial Performance v. Peyton, 555 So.2d 1036 (Miss.1990). In 1994, he was suspended without pay for fifteen days and fined $1,000 on charges of ex parte communication with a party involved in litigation pending in his court. See Mississippi Comm'n on Judicial Performance v. Peyton, 645 So.2d 954 (Miss 1994).
¶ 12. In Mississippi Comm'n on Judicial Performance v. Walker, 565 So.2d 1117, 1124 (Miss.1990), we held that, "the sanction imposed should be consistent with other like cases and `ought fit the offense.'" The Commission recommends that Judge Peyton should be suspended without pay for thirty days and assessed with court costs in the amount of $100. Judge Peyton has agreed to these punishments. There was no finding by the Commission that Judge Peyton's actions were deliberate or willful misconduct. The Commission submits that is consistent with sanctions imposed in like cases, fits the offense and is appropriate in light of Judge Peyton's prior disciplinary history. We agree, and we approve and adopt the recommendation for a suspension and assessment of costs as presented in the joint motion of the parties.

CONCLUSION
¶ 13. A.J. Peyton, Justice Court Judge for the Southern District of Yazoo County, Mississippi, while acting in his official capacity as judge, violated Miss. Const. art. 6, § 177A, and the Code of Judicial Conduct of Mississippi Judges, Canons 1, 2A, 2B, 3A(1) and the first sentence of 3A(4). Based on similar cases, the Commission recommended that this Court sanction Judge Peyton with a suspension for thirty days without pay and assessed with court costs in the amount of $100. The findings and sanctions recommended by the Mississippi Commission on Judicial Performance are hereby approved and adopted. Therefore, Yazoo County Justice Court Judge *208 A.J. Peyton is suspended for 30 days without pay and shall pay the costs of this proceeding in the amount of $100.00.
¶ 14. A.J. PEYTON, JUSTICE COURT JUDGE OF YAZOO COUNTY, IS SUSPENDED FOR THIRTY (30) DAYS WITHOUT PAY AND SHALL PAY THE COSTS OF THIS PROCEEDING IN THE AMOUNT OF $100.00.
PITTMAN, C.J., McRAE and SMITH, P.JJ., DIAZ, CARLSON and GRAVES, JJ., concur.
EASLEY, J., concurs in result only.
WALLER, J., not participating.
NOTES
[1] CANON 1: A Judge Should Uphold the Integrity and Independence of the Judiciary. An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

CANON 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities
A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
CANON 3: A Judge Should Perform the Duties of His Office Impartially and Diligently
A(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism. A(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte communication or other communications concerning a pending or impending proceeding.