874 So.2d 441 (2004)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Larry McPHAIL.
No. 2003-JP-02532-SCT.
Supreme Court of Mississippi.
May 27, 2004.
*442 Luther Brantley, attorney for appellant.
James K. Dukes, Jr., attorney for appellee.
EN BANC.
SMITH, Chief Justice, for the Court.
¶ 1. This judicial performance case is before the Court on the Joint Motion for Approval of Recommendations filed by the Mississippi Commission on Judicial Performance and Justice Court Judge Larry McPhail, Post Two, Lamar County, Mississippi.
¶ 2. On December 5, 2002, the Commission filed a formal complaint charging Judge McPhail with judicial misconduct in violation of Canons 1, 2 A, 2 B, 3 A, 3 B(2), 3 B(7), 3 B(8), 3 C(1), 3 C(2), 4 A, and 4 D(1) of the Code of Judicial Conduct of Mississippi Judges[1] and Miss.Code Ann. § 9-11-33. The Commission further charged that Judge McPhail had violated Article 6, Section 177A of the Mississippi Constitution of 1890, as amended.
¶ 3. Judge McPhail filed his answer to the formal complaint on February 24, 2003. The Commission recommended, and Judge McPhail agreed, that he should receive a public reprimand and be suspended without pay for a period of thirty days and assessed with court costs in the amount of $401.14. In lieu of an evidentiary hearing, an Agreed Statement of Facts and Proposed Recommendation was submitted and filed by counsel for the Commission and counsel for Judge McPhail on July 15, 2003. Five separate and distinct violations were found.

FACTS
¶ 4. First, the Commission found that Judge McPhail, in his official capacity as a justice court judge, on December 13, 2002, presided over a case styledThomas (Greg) Pittman v. Zoofari Land. After hearing testimony from both parties, Judge McPhail took the matter under advisement. On February 28, 2002, Judge McPhail advise the court clerk that he was ruling in plaintiff's favor in the amount of $2,500.00 plus costs, and he prepared a judgment so reflecting and bearing the date of the oral announcement of his decision. On March 22, 2002, Judge McPhail signed the judgment, and it was mailed to the parties the same day. Mr. Saucier, the Defendant, contacted the justice court after receiving his copy of the judgment on March 29, 2002, and was told his time for an appeal had expired. Judge McPhail refused to take any action to allow Mr. Saucier to file his appeal. After the filing of the formal complaint in this cause, changes were implemented to ensure that judgments are dated on the date they are actually signed by the judge.
*443 ¶ 5. Second, the Commission found that Judge McPhail, in his official capacity as a justice court judge, on April 4, 2002, dismissed a case styledCheck 4 Cash v. Melissa Rodgers when neither party appeared for trial. On April 22, 2002, after an ex parte contact with a representative of Check 4 Cash, Judge McPhail notified the clerk that a judgment for Check 4 Cash was being entered in the amount of $206.0 plus court costs. The judgment was prepared and signed on April 22, 2002. Notice was not given, and a hearing was not held before Judge McPhail reinstated the case. Defendant Rodgers was not given notice before judgment was rendered against her.
¶ 6. Third, Judge McPhail, in his official capacity as a justice court judge, on September 21, 2000, presided over a case styled Charles L. Howard v. Dewain Scott d/b/a Scott and Associates Landscaping. A counterclaim was filed. Both parties were represented by counsel, and after taking testimony, Judge McPhail took the case under advisement. Approximately ten months later, Judge McPhail signed a judgment dated July 12, 2001, in the amount of $800.00 plus court costs against Scott. Scott filed a motion to correct judgment or in the alternative motion to reconsider on September 14, 2001. Judge McPhail signed an order dated September 17, 2001, setting aside the original judgment following an ex parte communication with Scott's attorney. No notice of hearing was given to Howard. Neither the motion nor the order states what the movant considered incorrect or improper about the original judgment. On December 6, 2001, Howard filed a response to Scott's motion, indicating the ex parte nature of the process leading to the entry of the September 17 order. This motion was set to be heard on May 2, 2002, but it was continued and had not been reset as of the filing of the formal complaint in this cause.
¶ 7. Fourth, Judge McPhail, in his official capacity as justice court judge, on or about May 18, 2002, was contacted by Thomas Sproles, who sought advice regarding ex parte communications with one or more of the parties and Officer Roland Arnold of the Lamar County Sheriff's Office on that date and on subsequent dates. Thomas Sproles was involved in a domestic abuse case with Meloney C. Guy. Judge McPhail informed Ms. Guy, the victim of the alleged domestic abuse, that if she did not testify, Officer Arnold could not substantiate the charge filed against Mr. Sproles. Judge McPhail directed her to call the county attorney about her refusal to testify. Judge McPhail also advised Mr. Sproles to file a counter charge against Ms. Guy. Judge McPhail then ordered that no warrant be issued against Ms. Guy at that time and advised her that he would hold said warrant until such time as the outcome of the charges against Mr. Sproles had been determined.
¶ 8. Fifth, Judge McPhail in his official capacity as justice court judge, on March 8, 2001, presided over a criminal case styled Lamar County v. Michael Goolsby for a charge of malicious mischief. This charge was filed on November 14, 2000. After hearing testimony, Judge McPhail took the case under advisement, and no decision had been rendered as of the filing of the formal complaint in this cause. Immediately following the filing of the formal complaint, Judge McPhail ruled on the issues and that case has been resolved and removed from the docket.
¶ 9. The Commission found that Judge McPhail habitually takes civil cases under advisement and does not render timely decisions; however, since the filing of the formal complaint, Judge McPhail has voluntarily changed his procedure so that any case taken under advisement will have a *444 decision rendered by Judge McPhail by his next term of court. Judge McPhail agrees to continue to rule on any case taken under advisement no later than the next term of court.

STANDARD OF REVIEW
¶ 10. This Court conducts de novo review of judicial misconduct proceedings, giving great deference to the findings and recommendations of the Mississippi Commission on Judicial Performance. Miss. Comm'n on Judicial Performance v. Perdue, 853 So.2d 85, 88 (Miss.2003); Miss. Comm'n on Judicial Performance v. Peyton, 812 So.2d 204, 206 (Miss.2002); Miss. Comm'n on Judicial Performance v. Vess, 692 So.2d 80, 83 (Miss.1997). While giving great deference to the Commission's findings, we are also charged to render independent judgment. In re Collins, 524 So.2d 553, 556 (Miss. 1987).

ANALYSIS
¶ 11. Article 6, § 177A of the Mississippi Constitution provides in relevant part:
On recommendation of the Commission on Judicial Performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for:
... (E) conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
Miss.Code Ann. § 9-11-33 (2002) states:
A justice court judge may correct any errors or mistakes in any proceedings that are conducted before such judge or in the records of proceedings conducted before such judge. A justice court judge may set aside any proceeding or judgment in a case conducted before such judge upon a written order as may be just and proper after a proceeding in which the judge determines that good cause has been shown to support such order.
This Court has the sole power to impose sanctions when based on clear and convincing evidence. Miss. Comm'n Judicial Performance v. Fletcher, 686 So.2d 1075, 1078 (Miss.1996); In re Garner, 466 So.2d 884, 885 (Miss.1985).
¶ 12. The Commission found, by clear and convincing evidence, that Judge McPhail's conduct described above was prejudicial to the administration of justice which brings the judicial office into disrepute. This Court has held that a judge may:
through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved, and warrants sanctions.
In re Anderson, 451 So.2d 232, 234 (Miss. 1984). This Court has relied on similar language, finding that misconduct does not have to be imbedded in any form of bad behavior. In re Quick, 553 So.2d 522, 527 (Miss.1989). When the total course of Judge McPhail's conduct is considered and given Judge McPhail's agreement to the findings and recommendation, it is clear that the Commission's findings are correct and that his conduct constitutes conduct prejudicial to the administration of justice which beings the judicial office into disrepute.
¶ 13. In Mississippi Comm'n on Judicial Performance v. Walker, 565 So.2d 1117, 1124 (Miss.1990), this Court held that, "the sanction imposed should be consistent with other like cases and `ought fit the offense.'" The Commission has recommended a public reprimand, a thirty *445 day suspension without pay, and assessment of costs. Judge McPhail has agreed to this recommendation and joined in the Commission's motion to accept the recommended sanctions. The proposed sanction is consistent with the prior decisions of this Court in Peyton, 812 So.2d 204 and Perdue, 853 So.2d 85. In Peyton, this Court held that the justice court judge's violation of the judicial canons in three specific instances warranted the sanction of a thirty-day suspension without pay and assessment of court costs. In Perdue, this Court rules that a thirty-day suspension without pay for a city youth court judge, who also served as county youth court referee, was appropriate for conduct relating to an ex parte order granting temporary custody of a child to the former husband.

CONCLUSION
¶ 14. Larry McPhail, Justice Court Judge for Post Two of Lamar County, Mississippi, while acting in his official capacity as judge, violated Miss. Const. art. 6, § 177A, Miss.Code Ann. § 9-11-33, and the Code of Judicial Conduct of Mississippi Judges, Canons 1, 2 A, 2 B, 3 A, 3 B(2), 3 B(7), 3 B(8), 3 C(1), 3 C(2), 4 A, and 4 D(1). Based on similar cases, the Commission recommended that this Court sanction Judge McPhail with a public reprimand and a suspension for thirty days without pay and assessed with court costs in the amount of $401.14. We adopt the findings and sanctions recommended by the Mississippi Commission on Judicial Performance and agreed to by Judge McPhail. Lamar County Justice Court Judge Larry McPhail is publicly reprimanded, and suspended for 30 days without pay, and shall pay the costs of this proceeding in the amount of $401.04.
¶ 15. LARRY McPHAIL, LAMAR COUNTY JUSTICE COURT JUDGE, IS PUBLICLY REPRIMANDED AND SUSPENDED FOR THIRTY (30) DAYS WITHOUT PAY, AND SHALL PAY THE COSTS OF THIS PROCEEDING IN THE AMOUNT OF $401.04.
WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, EASLEY AND GRAVES, JJ., NOT PARTICIPATING.
NOTES
[1] In its original complaint and throughout its documents, the Commission lists violations of Canon 3 A(1) and 3 A(8); no such provisions of Canon 3 exist. However, Canon 3 B(1) and (8) do exist and apply in this case. In its attachment to the original complaint, the Commission lists in full the Canons provisions violated; in its own document, the Commission does not list 3 A(1), 3 A(8) or 3 B(1), but does list 3 B(8). Therefore, we amend the list of charges by eliminating 3 A(1) and (8) and adding 3 B(1) and (8) to reflect the correct violations.