WALLER, Chief Justice,
 

 for the Court:
 

 ¶ 1. The Mississippi Commission on Judicial Performance initiated these proceedings against Lamar County Justice Court Judge Bill Anderson. The Commission recommends that Judge Anderson be publicly reprimanded, suspended from the office of justice court judge for thirty days without pay, and assessed costs of $100. We agree and adopt the Commission’s recommendations.
 

 FACTS
 

 ¶2. Regarding the two separate complaints against Judge Anderson, the Commission and Judge Anderson executed the following Agreed Statement of Facts, which the Commission found supported by clear and convincing evidence.
 

 No. 2008-169
 

 Respondent, in his official capacity as Justice Court Judge, on or about April 1, 2008, presided over three cases: (1)
 
 Don and Shirley Jones vs. Sheila A. Saucier,
 
 Docket No. 239, Page No. 341, (2)
 
 Don and Shirley Jones vs. Al Saucier,
 
 Docket No. 239, Page No. 342, and (3)
 
 Don and Shirley Jones vs. Ashley Anderson,
 
 Docket No. 239, Page No. 343, wherein each defendant was charged with malicious mischief. The Jones allege the defendants on three separate occasions removed the survey flags and rods from their property each time they had it surveyed. At the trial, Respondent called the parties to the bench and advised them that they needed to be better neighbors. Respondent further advised the parties that the case was a line dispute and chancery court matter, and thereafter, dismissed all three cases. After the hearing, Respondent talked and exchanged pleasantries with the defendants.
 

 On or about April 30, 2008, Don Jones was involved in a physical altercation ■with Albert Saucier which resulted in bodily injury to both parties, as well as Jones’ daughter, Suzanne Jones. Don Jones’ injuries resulted in his hospitalization. Based upon the aforementioned physical altercation the Respondent, in his official capacity as Justice Court Judge, on or about May 15, 2008 presided over three other cases involving the same parties: (1)
 
 Al Saucier vs. Donald Jones,
 
 Docket No. 245, Page No 35, (2)
 
 Donald, Jones vs. Al Saucier,
 
 Docket No. 245, Page No. 36, and (3)
 
 Suzanne Jones vs. Al Saucier,
 
 Docket No. 245, Page No. 37, wherein each defendant was charged with simple assault. Cases (1) and (2) were put on hold by Respondent pending the outcome in the chancery court case involving the line dispute. The file in case (3) reflects that the charge against Al Saucier is simply “pending.”
 

 In the matter of
 
 Donny Pittman vs. Donald Jones,
 
 Docket No. 248, Page No. 128, on or about July 10, 2008, Don Jones was involved in a verbal altercation -with Donny Pittman, a family member of Al Saucier. Jones called the Lamar County Sheriffs Department and deputies responded and defused the situation advising the parties to go to their respective homes for the evening; all parties complied. Pittman later spoke ex parte’ with Respondent about the incident. Consequently, Respondent signed an arrest warrant and advised deputies of the Lamar County Sheriffs Department to arrest Don Jones for
 
 *1182
 
 simple assault by threat and to be held ■with no bond. The following day, Respondent set Jones’ bond at $1,000.00. Jones retained an attorney and the matter is reflected as “pending” in the case file.
 

 The next day, on or about July 11, 2008, Respondent sat in on a hearing in the Chancery Court involving the land dispute between the parties, styled
 
 Donald O. Jones & Shirley Jones vs. Ronald Eugene Anderson, Alfred Saucier, Shelia Saucier, John Ashley Anderson and Tiffany Anderson,
 
 Civil Action No. 2008-232-G-F, in which Chancellor Eugene L. Fair, Jr. presided. The facts at issue involved the same parties and many similar facts at issue in the justice court still pending befoi’e Respondent. During the hearing, Respondent sat in the back of the courtroom. At one point during the hearing, Respondent stated that he had set Jones’ bond at $1,000.00 but intended to drop it to $500.00. Both during and after the Chancery hearing, the Respondent was again observed talking and exchanging pleasantries with the defendants and their family members.
 

 [[Image here]]
 

 No. 2009-044
 

 The Respondent, in his official capacity as Justice Court Judge, on or about November 20, 2008, presided over the initial appearance of the defendant, Jeffery W. Smith on the charge of Possession of Precursors, Docket No. 251, Page No. 293. Respondent set Mr. Smith a bond in the amount of $250,000.00.
 

 Thereafter, on or about December 23, 2008, counsel for the defendant, Michael D. Mitchell filed a Motion for Bond Reduction and Notice of Hearing. The bond reduction hearing was held in camera on or about December 30, 2008. At the hearing, Mr. Mitchell, Lamar County Prosecutor Dawn H. Beam, and Respondent agreed to reduce the defendant’s bond to $30,000.00. Respondent consented to signing an order to that effect. However, after the conclusion of the hearing the Respondent received information ex parte that defendant was allegedly threatening the Respondent and a law enforcement officer with bodily harm. Based upon that ex parte information Respondent then refused to reduce the defendant’s bond as agreed at the hearing.
 

 On or about January 20, 2009, Respondent presided over the defendants’s preliminary hearing and found probable cause to believe the defendant did commit the crime of Possession of Precursors. However, at the hearing, though no affidavit or formal charge had been filed, Respondent allowed extensive testimony regarding the alleged threats made by defendant against Respondent and the officer. Based upon all of the evidence presented, Respondent bound the defendant over to the next Grand Jury and ordered him held without bond. On or about February 20, 2009, Habeas Corpus relief was granted the defendant by the Circuit Court of the 15th District of Mississippi and defendant was allowed a bail of $30,000.
 

 Thereafter, on or about April 22, 2009, the defendant was indicted on the charge of Possession of Precursors with Intent,
 
 State of Mississippi vs. Jeffery Smith,
 
 Cause No. 2009K-94H, in the Circuit Court of the 15th District of Mississippi. Lamar County Circuit Court Judge Prentiss G. Harrell allowed the defendant’s bond to remain at $30,000.00.
 

 Commission Findings of Fact and Recommendation 2-7.
 

 
 *1183
 
 ¶ 3. The Commission and Judge Anderson agree that, by engaging in the aforementioned conduct, Judge Anderson has violated Canons 1, 2A, 2B, 3B(1), 3B(2), 3B(7), 3B(8), and 3E(1) of the Code of Judicial Conduct. Judge Anderson also recognizes that his actions were improper and constitute misconduct. The Commission and Judge Anderson also agree that the above conduct violates Section 177A of the Mississippi Constitution of 1890, as amended, “as said conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.” Judge Anderson also agreed that he will not engage in such behavior in the future.
 

 STANDARD OF REVIEW
 

 ¶ 4. This Court conducts a de novo review of judicial misconduct proceedings, while affording deference to the Commission’s recommendations when the Commission’s findings are based on clear and convincing evidence. While we give great deference to the Commission’s findings, we also are charged to render an independent judgment. In essence, this Court serves as the “the trier of fact,” since we have the sole power to impose sanctions in judicial misconduct cases.
 
 Miss. Comm’n on Judicial Performance v. Thompson,
 
 972 So.2d 582, 585 (Miss.2008) (internal citations and quotations omitted).
 

 ANALYSIS
 

 ¶ 5. Section 177A of the Mississippi Constitution provides the authority for this Court to sanction judges of this state. Specifically, Section 177A states:
 

 On recommendation of the commission on judicial performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: (a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character.
 

 Miss. Const, art. 6, § 177A (emphasis added).
 

 I. WHETHER THE CONDUCT OF THE RESPONDENT, JUSTICE COURT JUDGE BILL ANDERSON, CONSTITUTED WILLFUL MISCONDUCT IN OFFICE AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BROUGHT THE JUDICIAL OFFICE INTO DISREPUTE, PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION OF 1890, AS AMENDED.
 

 ¶ 6. The Commission found by clear and convincing evidence that Judge Anderson’s conduct violated Canons 1, 2A, 2B, 3B(1), 3B(2), 3B(7), 3B(8), and 3E(1) of the Code of Judicial Conduct. Further, the Commission found by clear and convincing evidence that Judge Anderson had engaged in willful misconduct and conduct prejudicial to the administration of justice which brings the judicial office into disrepute in violation of the provisions of the Mississippi Constitution. This Court has held:
 

 Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the
 
 *1184
 
 term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive.... Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute.
 

 Miss. Com/m’n on Judicial Performance v. Roberts,
 
 952 So.2d 934, 938-41 (Miss.2007) (quoting
 
 Miss. Comm’n on Judicial Performance v. Carr,
 
 786 So.2d 1055, 1058-59 (Miss.2001)). This Court also has recognized that a judge’s conduct need not be intentional, willful, or in bad faith for it to be sanctionable. Negligence, ignorance, and incompetence are conduct sufficient to be prejudicial to the administration of justice which brings the judicial office into disrepute.
 
 See, e.g., In re Quick,
 
 553 So.2d 522 (Miss.1989);
 
 In re Bailey,
 
 541 So.2d 1036 (Miss.1989);
 
 In re Baker,
 
 535 So.2d 47 (Miss.1988);
 
 In re Collins,
 
 524 So.2d 553 (Miss.1987);
 
 In re Stewart,
 
 490 So.2d 882 (Miss.1986);
 
 In re Garner,
 
 466 So.2d 884 (Miss.1985); and
 
 In re [Lloyd] Anderson,
 
 412 So.2d 743 (Miss.1982).
 

 ¶ 7. Judge Anderson has agreed to the Commission’s findings of fact and recommendation and has joined the Commission’s motion for approval of recommendations. Further, Judge Anderson acknowledges that he engaged in the conduct in violation of the Code of Judicial Conduct. As there is no dispute of relevant facts and because Judge Anderson admits that his actions were in violation of the judicial canons, we must determine the appropriate sanctions.
 

 II. WHETHER PUBLIC REPRIMAND, SUSPENSION FROM OFFICE AND ASSESSMENT OF COSTS ARE APPROPRIATE SANCTIONS.
 

 ¶ 8. Judge Anderson is accused of violating Canons 1, 2A, 2B, 3B(1), 3B(2), 3B(7), 3B(8), and 3E(1) of the Code of Judicial Conduct. Canon 1 requires that a judge “shall uphold the integrity and independence of the judiciary.” The other canons state, in relevant part:
 

 CANON 2
 

 A judge shall avoid impropriety and the appearance of impropriety in all activities.
 

 A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
 

 B. Judges shall not allow their family, social, or other relationships to influence the judges’ judicial conduct or judgment. Judges shall not lend the prestige of their offices to advance the private interests of the judges or others; nor shall judges convey or permit others to convey the impression that they are in a special position to influence the judges. Judges shall not testify voluntarily as character witnesses.
 

 CANON 3
 

 A judge shall perform the duties of judicial office impartially and diligently.
 

 [[Image here]]
 

 B. Adjudicative Responsibilities.
 

 (1) A judge shall hear and decide all assigned matters within the judge’s jurisdiction except those in which disqualification is required.
 

 (2) A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.
 

 
 *1185
 
 (3) A judge shall require order and decorum in proceedings before the judge.
 

 [[Image here]]
 

 (7) A judge shall accord to all who are legally interested in a proceeding, or their lawyers, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:
 

 (a) where circumstances require, ex parte communications for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits are authorized: provided:
 

 (i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and
 

 (ii) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.
 

 (b) Judges may obtain the advice of a disinterested expert on the law applicable to a proceeding before them if the judges give notice to the parties of the person consulted and the substance of the advice, and afford the parties reasonable opportunity to respond.
 

 (c) A judge may consult with court personnel whose function is to aid the judge in carrying out the judge’s adjudicative responsibilities or with other judges.
 

 (d) A judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to mediate or settle matters pending before the judge.
 

 (e)A judge may initiate or consider any ex parte communications when expressly authorized by law to do so.
 

 (8) A judge shall dispose of all judicial matters promptly, efficiently and fairly.
 

 E. Disqualification.
 

 (1) Judges should disqualify themselves in proceedings in which their impartiality might be questioned by a reasonable person knowing all the circumstances or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law, including but not limited to instances where:
 

 (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentia-ry facts concerning the proceeding;
 

 (b) the judge served as lawyer in the matter in controversy, or a lawyer ■with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
 

 (c) the judge knows that the judge, individually or as a fiduciary, or the judge’s spouse or member of the judge’s family residing in the judge’s household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
 

 (d) the judge or the judge’s spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
 

 (i) is a party to the proceeding, or an officer, director, or trustee of a party;
 

 (ii) is acting as a lawyer in the proceeding;
 

 
 *1186
 
 (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
 

 (iv) is to the judge’s knowledge likely to be a material witness in the proceeding;
 

 ¶ 9. Additionally, in
 
 Mississippi Commission on Judicial Performance v. Gibson,
 
 883 So.2d 1155 (Miss.2004), this Court listed the following factors, which we use when determining the appropriate sanctions (the
 
 “Gibson
 
 factors”):
 

 (1) The length and character of the judge’s public service; (2) Whether there is any prior case law on point; (3) The magnitude of the offense and the harm suffered; (4) Whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) Whether moral turpitude was involved; and (6) The presence or absence of mitigating or aggravating circumstances.
 

 Gibson,
 
 883 So.2d at 1158. This Court is not required to follow the Commission’s recommended sanctions.
 
 In re Collins,
 
 524 So.2d 553 (Miss.1987). However, this Court has stated that “[t]he sanction imposed should be consistent with other cases and ‘ought to fit the offense.’ ”
 
 Bailey,
 
 541 So.2d at 1039.
 

 ¶ 10. Here, based on the aforementioned, agreed-upon findings of fact, the Commission charged Judge Anderson with the following violations.
 

 The Respondent failed to issue rulings in cases, refused to rule in certain criminal cases pending the outcome of a non-issue related Chancery Court case, engaged in ex parte communication with a litigant and based upon that information issued an arrest warrant, held a defendant without bond on a non-capital offense, acquired ex parte information by sitting in on a Chancery Court hearing involving parties that have cases pending before him in Justice Court, improperly reduced a defendant’s bond, behaved with impropriety or the appearance of impropriety toward certain litigants and/or persons related to litigants that have cases pending in his court, refused to reduce a defendant’s bond based upon information he received ex parte and allowed testimony at a defendant’s preliminary hearing about “alleged threats” that were supposedly made against the Respondent by the defendant. Such allegations erode the public’s perception of the integrity and impartiality of the judiciary.
 

 ¶ 11. The Commission supports its recommended sanctions by citing various cases in which the judge engaged in similar conduct as Judge Anderson and thus received similar sanctions.
 
 See Miss. Comm’n on Judicial Performance v. Sutton,
 
 985 So.2d 322 (Miss.2008) (judge publicly reprimanded and assessed costs of $1,900.89 for ex parte communications, entering orders based on ex parte information, and neglecting to promptly dispose of judicial matters);
 
 Miss. Comm’n on Judicial Performance v. Roberts,
 
 952 So.2d 934 (Miss.2007) (justice court judge publicly reprimanded, suspended for thirty days, fined $1,500, and assessed costs of $100 for improperly issuing arrest warrants, revoking probation, and ordering defendant acquitted of DUI charges not to drive for two years);
 
 Miss. Comm’n on Judicial Performance v. Britton,
 
 936 So.2d 898 (Miss.2006) (judge publicly reprimanded, suspended for thirty days, and assessed costs for ex parte communications and setting aside default judgment based on ex parte information);
 
 Miss. Comm’n on Judicial Performance v. McPhail,
 
 874 So.2d 441 (Miss.2004) (justice court judge publicly reprimanded, suspended for thirty days, and assessed costs of $401.14 for backdating judgment, entering judgments without
 
 *1187
 
 notice to a party, ex parte communications, and untimely rendering decisions);
 
 Miss. Comm’n on Judicial Performance v. Per-due,
 
 853 So.2d 85 (Miss.2003) (youth court judge suspended for thirty days and assessed costs of $888.22 for issuing ex parte temporary custody order); and
 
 Miss. Comm’n on Judicial Performance v. Pey-ton,
 
 812 So.2d 204 (Miss.2002) (justice coui't judge suspended for thirty days and assessed costs of $100 for conducting ex parte hearing and appointing daughter as public defender).
 

 ¶ 12. The Commission also made the following findings regarding the
 
 Gibson
 
 factors, to which Judge Anderson agreed.
 

 1. The length and character of the judge’s public service.
 

 The Respondent has served as Justice Court Judge in Lamar County, Mississippi for 19 years. There is nothing in the record to determine any other actions or deeds of Respondent in public service.
 

 2. Whether there is any prior case law on point.
 

 [See case law cited above.]
 

 3. The magnitude of the offense and the harm suffered.
 

 The Respondent failed to issue rulings in cases, refused to rule in certain criminal cases pending the outcome of a non-issue related Chancery Court case, engaged in ex parte communication with a litigant and based upon that information issued an arrest warrant, held a defendant without bond on a non-capital offense, acquired ex parte information by sitting in on a Chancery Court hearing involving parties that have cases pending before him in Justice Court, improperly reduced a defendant’s bond, behaved with impropriety or the appearance of impropriety toward certain litigants and/or persons related to litigants that have cases pending in his court, refused to reduce a defendant’s bond based upon information he received ex parte and allowed testimony at a defendant’s preliminary hearing about “alleged threats” that were supposedly made against the Respondent by the defendant. Such allegations erode the public’s perception of the integrity and impartiality of the judiciary.
 

 J.
 
 Whether the misconduct is an isolated incident or evidences a pattern of conduct.
 

 The Commission took informal Commission action against the Respondent in three separate matters, Commission File Nos. 1991-027, 1993-020, and 1998-313. The conduct of the Respondent in Commission File Nos. 1993-020, where the Commission cautioned the Respondent about avoiding the appearance of impropriety, and 1998-313, wherein the Respondent was warned about involving himself in a matter pending in Chancery Court, is similar to the behavior in the instant case. Also, in
 
 Mississippi Commission on Judicial Performance v. Bill Anderson,
 
 691 So.2d 1019 (Miss. 1996), a case for which no written opinion was published, the Mississippi Supreme Court ordered that the Respondent be publicly reprimanded, fined $500.00 and assessed the cost of the proceeding. The Respondent also received a private admonishment in Inquiry Concerning a [Judge] No. 2009-036 for conduct unrelated to this case.
 

 5. Whether “moral turpitude” was involved.
 

 No moral turpitude was involved.
 

 6. The presence or absence of mitigating or aggravating circumstances.
 
 
 *1188
 
 Aggravating circumstances are present in that Respondent's] actions reflect adversely on the independence, propriety and impartiality of the judiciary. Mitigating circumstances include the fact that Respondent acknowledged his inappropriate conduct by entering into the Agreed Statement of Facts and Proposed Recommendation with the Commission.
 

 ¶ 13. Based on Judge Anderson’s improprieties and the Commission’s consideration of the
 
 Gibson
 
 factors, all of which the Commission found by clear and convincing evidence, the Commission recommended that Judge Anderson be (1) publicly reprimanded, (2) suspended from the office of justice court judge for thirty days without pay, and (3) assessed costs of $100.00.
 

 ¶ 14. This is not Judge Anderson’s first time to be sanctioned for the same or similar conduct, as evidenced by the Commission’s findings under the fourth
 
 Gibson
 
 factor. These previous sanctions stemmed from conduct that is the same as or very similar to Judge Anderson’s misconduct in the instant case. Because of Judge Anderson’s prior warnings, cautions, reprimands, and fines, we think it is appropriate to increase the sanctions. To accomplish this, the Commission has suggested the additional sanction of a thirty-day suspension without pay, to which Judge Anderson has agreed. We concur with the Commission and adopt the Commission’s recommendation.
 

 CONCLUSION
 

 ¶ 15. We find that Judge Anderson’s violation of the various judicial canons we have discussed constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. Therefore, his misconduct is sanctionable pursuant to Section 177A of the Mississippi Constitution of 1890, as amended. Therefore, we grant the Joint Motion for Approval of Recommendations Filed by the Mississippi Commission on Judicial Performance, and order that Anderson be publicly reprimanded, suspended from the office of Lamar County Justice Court judge for a period of thirty days without pay, and taxed with the costs of this proceeding in the amount of $100.
 

 ¶ 16. JUDGE BILL ANDERSON, JUSTICE COURT JUDGE FOR LAMAR COUNTY, SHALL BE PUBLICLY REPRIMANDED BY THE PRESIDING JUDGE OF THE LAMAR COUNTY CIRCUIT COURT IN OPEN COURT WHEN THE VENIRE PANEL MEETS ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT AFTER THIS DECISION BECOMES FINAL, AND HE SHALL BE SUSPENDED FROM THE OFFICE OF LAMAR COUNTY JUSTICE COURT JUDGE FOR A PERIOD OF THIRTY (30) DAYS WITHOUT PAY. ANDERSON IS ASSESSED COSTS IN THE AMOUNT OF $100.
 

 CARLSON AND GRAVES, P.JJ, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. DICKINSON, J., NOT PARTICIPATING.